Argued September 2, affirmed November 26, 1976

LONGTON, *Appellant,*
*v.*
LEIKEN, *Respondent.*
(No. 75-182, SC 24302)

PETER LEIKEN, INC., *Respondent,*
*v.*
LONGTON, *Appellant.*
(No. 75-367, SC 24302)

556 P2d 687

*Robert C. Millikan,* Roseburg, argued the cause for appellant. With him on the brief was James C. Farrell, P. C., Roseburg.

*Clifford W. Kennerly,* Roseburg, argued the cause for respondent. With him on the brief were Luoma, Kelley & Wolke, Roseburg.

Before Denecke, Chief Justice, and McAllister, Holman and Howell, Justices.

PER CURIAM.

## PER CURIAM.

The parties brought actions against one another for moneys allegedly owed. One of the parties, Longton, contends he did not owe the other party, Leiken, because he had paid Leiken a sum which was an accord and satisfaction of any amount owing Leiken. The trial court held to the contrary and Longton appeals.

The parties owned the stock of a corporation. They agreed that Leiken would buy out Longton and entered into a written agreement of sale. They agreed that Longton owed the corporation "approximately $9,000.00, and he [Longton] agrees to pay that * * * as to the actual amount owing."

As the court found for Leiken, the evidence most favorable to Leiken will be considered.

The agreement of sale was entered into December 20th. At that time the parties were of the opinion, based upon information from the bookkeeper, that Longton owed the corporation $8,760.36. On December 26th Longton gave the corporation a check in that amount. On the check he wrote, "material and labor in full." The corporation cashed the check. A later audit of the books revealed that Longton owed an additional $1,291.92, the amount in controversy.

The evidence most favorable to Leiken is that the parties believed at the time of the agreement and delivery of the check that Longton owed $8,760.35. A further audit of the books revealed they were both mistaken. An accord is a contract. Payment by way of satisfaction of that contract of accord is not full satisfaction if the amount of the payment was fixed because of mutual mistake. This is so even if payment is accompanied by words such as, "payment in full." Corbin, Contracts § 1292 (1962).

There was evidence from which the trial court could have found Longton did not establish the defense of accord and satisfaction.

Affirmed.